UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN THERIOT,

                Plaintiff,

                                    CASE NO. 5:12-CV-11629
v.                              HONORABLE JOHN CORBETT O'MEARA

DURANO, et al.,

                Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

Michigan prisoner Kevin Theriot ("Plaintiff"), currently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against 16 employees at the Saginaw Correctional Facility in Freeland, Michigan. In his complaint, he asserts that he "was assaulted by officers" and that he "told each defendant what happened [and] no one did anything." He alleges violations of his rights to be free from cruel and unusual punishment and due process. He sues the defendants in their personal and official capacities, seeking monetary damages and the imposition of criminal charges against the defendants. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this civil rights action. *See* 28 U.S.C. § 1915(a)(1).

### II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks

monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and

(2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Having reviewed the complaint, as amended, the Court finds that it is subject to summary dismissal.  Plaintiff first asserts that he was assaulted by a corrections officer (Officer Haynes) on January 10, 2012.  Plaintiff, however, has not alleged facts to support this claim.  He has not identified where the alleged assault occurred nor described the incident in any detail.  It is well-established that conclusory allegations are insufficient to state a claim under § 1983.  *See Maldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).  Moreover, the materials submitted with Plaintiff's amended complaint are difficult to read and/or illegible and do not appear to support his claims.  Rather, they indicate that Plaintiff was found guilty of threatening behavior and assault and battery on staff in January, 2012.  Plaintiff has thus failed to plead sufficient facts to state a claim upon which relief may be granted as to this issue.

Plaintiff also asserts that the other defendants failed to properly respond to his complaints and grievances.  It is well-settled, however, that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983.  *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (plaintiff must allege facts showing that the defendant participated in unconstitutional conduct or, at a minimum, "implicitly authorized,

3

approved, or knowingly acquiesced in unconstitutional conduct" to establish liability). Plaintiff has not done so. Any assertion that a defendant failed to supervise another employee, should be vicariously liable for another employee's conduct, and/or did not sufficiently respond to the situation is insufficient to state a claim under § 1983. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Additionally, to the extent that Plaintiff asserts that the defendants conspired against him, he has not alleged facts to support such a claim. His complaint is thus insufficient to state a conspiracy claim under § 1983. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *see also Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005).

Furthermore, while a prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief. *See Smith v. Arkansas State Hwy. Empl., Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). A prisoner also has no constitutionally protected interest in an inmate grievance procedure or the right to an effective procedure. *See Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, to the extent that Plaintiff is dissatisfied with the defendants' responses to his complaints or grievances, he fails to state a claim for relief. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon failure to investigate grievance).

In his supplemental pleadings, Plaintiff also seems to challenge his placement in administrative segregation. A prisoner has no liberty interest in remaining free of disciplinary or

administrative segregation, as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (30 days in administrative segregation did not constitute atypical and significant hardship); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (2½ years in segregation during riot investigation did not deprive prisoner of liberty interest without due process); *see also Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause). Plaintiff has thus failed to state a claim for relief as to such matters. Plaintiff has also not alleged facts to support any claim that his rights were violated during his disciplinary proceedings. The minimum due process requirements for a prisoner in a disciplinary hearing are: (1) written notice of the charges before the hearing; (2) an opportunity to call witnesses and present evidence at the hearing; (3) an impartial hearing body; and (4) a written statement of the evidence relied upon and the reason for any action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The decision of a prison disciplinary body must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). Plaintiff has not alleged facts nor provided other documentation to show a violation of these standards. He has thus failed to state a claim upon which relief may be granted.

Lastly, Plaintiff requests that criminal charges be brought against the defendants. Plaintiff does not have standing to file a criminal complaint. A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986). Private citizens, whether or not they are incarcerated, cannot compel the criminal prosecution of another. *Id.* at 64–65. Decisions regarding who to criminally prosecute and what charges to bring rest within a prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Moreover, a private citizen has no constitutional, statutory, or common law right to require

a public official to investigate or prosecute a crime. *See, e.g., White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act."). Plaintiff has thus failed to state a claim upon which relief may be granted.

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court further concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.


s/John Corbett O'Meara
United States District Judge

Date:  June 5, 2012


I hereby certify that a copy of the foregoing document was served upon Plaintiff on this date, June 5, 2012, using first-class U.S. mail.


s/William Barkholz
Case Manager