UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN THERIOT,

        Plaintiff,

v.

        CASE NO. 5:12-CV-11629
        HONORABLE JOHN CORBETT O'MEARA

DURANO, et al.,

        Defendants.
_____/

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Michigan prisoner Kevin Theriot ("Plaintiff") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, which the Court dismissed for failure to state a claim upon which relief may be granted on June 5, 2012. The Court has since denied several of Plaintiff's post-judgment motions. The matter is now before the Court on Plaintiff's motion for relief from judgment brought pursuant to Federal Rule of Civil Procedure 60(b). In his motion, Plaintiff asserts that relief is warranted because state court judge Brian R. Sullivan acted without jurisdiction in 2002.

To the extent that Plaintiff seeks reconsideration of the Court's dismissal of his complaint, he is not entitled to relief. Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof as required by Local Rule 7.1(h)(3).

Furthermore, Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 60(b). Under that rule, a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a

new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Plaintiff has made no such showing. The dismissal of his complaint for failure to state a claim upon which relief may be granted was appropriate.

In his motion, Plaintiff appears to challenge the state trial judge's qualifications and/or the state court's jurisdiction over his 2002 criminal proceedings. His original and amended pleadings, however, do not concern such matters and do not identify Judge Sullivan as a defendant. Moreover, even if they did, Plaintiff still fails to state a claim upon which relief may be granted in this action. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of his continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success

in that action would necessarily demonstrate the invalidity of confinement or its duration"). Thus, to the extent that Plaintiff contests his state criminal proceedings and continued confinement, his civil rights complaint is barred by *Heck*.

Accordingly, for the reasons stated, the Court **DENIES** Plaintiff's motion for relief from judgment [Dkt. #29].  This case is closed.  No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.


                                                              s/John Corbett O'Meara
                                                              United States District Judge

Date:  July 26, 2012


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 26, 2012, using the ECF system and/or ordinary mail.

                                                              s/William Barkholz
                                                              Case Manager